IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 25 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00314-BNB

JOHNNIE HERRON SR.,

Applicant,

v.

KEVIN MILYARD, Warden,

Respondent.

_____

ORDER CONSTRUING ACTION AS FILED PURSUANT TO 28 U.S.C. § 2254 AND
DIRECTING APPLICANT TO FILE AMENDED APPLICATION

_____

Applicant, Johnnie Herron Sr., is a prisoner in the custody of the Colorado

Department of Corrections and currently is incarcerated at the Sterling, Colorado,

Correctional Facility. Mr. Herron initiated this action by filing an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241. Applicant also paid the $5.00 filing fee

on February 21, 2008.

The Court must construe the Application liberally because Mr. Herron is a *pro se*

litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the

action will be construed as properly filed pursuant to 28 U.S.C. § 2254, and Mr. Herron

will be ordered to file an Amended Application.

First, the Application must be asserted pursuant to 28 U.S.C. § 2254 because

Mr. Herron is challenging the validity of his conviction and sentence. *See Montez v.*

*McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). In addition, because Mr. Herron has not used the proper form for a habeas corpus application filed pursuant to § 2254, the Court lacks the necessary information to determine whether the Application is timely filed and whether Mr. Herron has exhausted state court remedies. Therefore, Mr. Herron will be directed to file an Amended Application on the proper form and to provide all of the requested information regarding any direct appeal or postconviction motions he may have filed.

Mr. Herron is advised that he must allege specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Herron go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Herron file **within thirty days from the date of this Order** an Amended Application on the proper form that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Herron, together with a copy of this Order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Herron fails within the time allowed to file an Amended Application as directed the action will be dismissed without further notice. It is

2

FURTHER ORDERED that the Clerk of the Court shall note the correct type of habeas corpus action under the "Cause" section of the Docket.

DATED February 25, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00314-BNB

Johnnie Herron, Sr.
Prisoner No. 60795
Sterling Correctional Facility
PO Box 6000 - Unit 3-B-115
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on _2/25/08_

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk