IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00314-REB-MJW

JOHNNIE HERRON, SR.,

Petitioner,

v.

KEVIN MILYARD, et al.,

Respondents.

**ORDER**

**Entered by Magistrate Judge Michael J. Watanabe**

In their Answer, respondents note the two arguments petitioner made in his appeal of the denial of his post-conviction motion, namely, (1) that the trial court erred by denying his motion to reconsider/reduce his sentence, and (2) that his aggravated-range sentence violated his constitutional rights to due process and trial by jury as articulated by Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). (See Docket No. 18 at 3). In addition, respondents then assert that the Colorado Court of Appeals ("CCA") upheld the petitioner's conviction, rejecting petitioner's claims. (Docket No. 18 at 4) (citing People v. Herron, No. 04CA2568 (Colo. App. Feb. 15, 2007) (Resps.' App. D)). Respondents subsequently assert that the petitioner procedurally defaulted the first of the two claims raised in that appeal by not raising it in his petition for writ of certiorari from the Colorado Supreme Court. (Docket No. 18 at 7).

Respondents, however, fail to note that the CCA affirmed in part, reversed in

part, and remanded the case with directions (Docket No. 18-6), nor have the respondents advised the court of any state court proceedings that occurred following remand. The remand was based upon findings the CCA made concerning petitioner's first claim.

Based upon these omissions in the respondents' Answer, this court finds that additional briefing is necessary by the respondents. It is thus hereby

**ORDERED** that on or before June 30, 2008, respondents shall file a supplement to their Answer in which they advise the court of any and all state court proceedings that followed the Colorado Court of Appeals' remand on February 15, 2007, and the effect, if any, the remand and any subsequent state court proceedings have on respondents' argument that petitioner procedurally defaulted his first claim for habeas relief. Petitioner shall then have up to and including July 15, 2008, to file any response thereto.

Date: June 12, 2008  s/ Michael J. Watanabe
     Denver, Colorado  Michael J. Watanabe
                                 United States Magistrate Judge