IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   08-cv-00314-REB-MJW

JOHNNIE HERRON, SR.,

Petitioner,

v.

KEVIN MILYARD, et al.,

Respondents.

**RECOMMENDATION ON APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241 (Docket No. 2)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to a Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn on March 21, 2008. (Docket No. 9).

Petitioner was charged with nine counts in an Information, namely, possession of a schedule II controlled substance, theft, six counts of forgery, and criminal possession of a financial transaction device.  According to the People's appellate brief (Docket No. 18-3), petitioner purchased three gold rings from a merchant at the Aurora Mall using a credit card belonging to Pamela Lowrie.  Shortly thereafter, Ms. Lowrie's husband called the merchant to say that his wife did not authorize the purchase and to ask the merchant to call the police.  Based upon the merchant's description of the purchaser, the police contacted petitioner near a restaurant on the upper level of the mall.

2

Ultimately a search of petitioner's belongings resulted in two credit cards in Lowrie's name, 16 other credit cards, eight identification cards/driver's licenses (none of which were issued to petitioner), four checkbooks (also not belonging to petitioner), numerous receipts for recent purchasers, an Altoids tin containing a crack pipe and a rock of cocaine, and a white jewelry box containing marijuana. Petitioner admitted using Ms. Lowrie's credit cards and was identified by the merchant who reported the incident. Several of the victims reported that their car windows had recently been smashed, and their purses or wallets had been stolen from their vehicles. Police were able to verify over $4,000 of unauthorized purchases matching the credit cards and checks in petitioner's possession at the time of his arrest.

Petitioner pled guilty in the state district court in Arapahoe County to two counts, theft and forgery, in exchange for the dismissal of the other counts. On March 19, 2004, he was sentenced to seven years in the Department of Corrections ("DOC") on the theft count and three years on the forgery count, with the sentences to run concurrently.

Petitioner did not file a direct appeal. On July 7, 2004, he filed a Rule 35(b) motion in the trial court to reconsider his sentence, and a supplemental 35(a) and (b) motion was filed by his attorney on July 17, 2004 (Docket No. 2 at 11). These motions were denied in a written order on July 26, 2004. On February 15, 2007, the Colorado Court of Appeals ("CCA") affirmed in part, reversed in part, and remanded for further proceedings. (Docket Nos. 18-5 and 24-2). Petitioner's petition for a writ of certiorari was denied on June 25, 2007. (Docket No. 18-7).

On August 13, 2007, petitioner, through counsel, filed a supplement to his previously-filed motion for sentence reconsideration. (Docket No. 24-3). On September

3

20, 2007, the state district court denied petitioner's motion for reconsideration. (Docket No. 24-4). On October 23, 2007, petitioner filed a pro se letter to the state District Court concerning his sentence (Docket No. 24-5) and apparently filed a motion for rehearing on January 28, 2008. The state district court denied that motion on April 30, 2008 (Docket No. 24-6). Also in January 2008, petitioner filed in the state district court a Motion for Writ of Habeas Corpus (Docket No. 24-7) and a Petition for Postconviction Relief Pursuant to Crim. P. 35(c) (Docket No. 24-8), which were both denied by the trial court on March 7, 2008. (Docket No. 24-9).

Now before the court for a report and recommendation is the pro se incarcerated petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "petition") (Docket No. 2), which was received by this court on February 7, 2008. In his petition, the petitioner challenges the sentence imposed on March 19, 2004. Petitioner raises the following two claims for relief:

> Claim One: 5th and 14th Amendment rights were violated due process
>
> A. Supporting facts: The trial court erroneously denied my request for reconsideration pursuant 35(B) motion when it misinterpreted the plea agreement, of the parties and misapplied section 18-1-409.
>
> . . .
>
> Claim Two: Violated Constitutional Rights 5th and 14th due process
>
> A. Supporting Facts: The trial court erred when it imposed a sentence in excess of the presumptive range for the class 4 felony theft- charge to which I had plead guilty:

(Docket No. 6 at 5-6). The relief petitioner requests is that he "be immediately released from custody and discharged from this sentence    sentence has been satisfied in full." (Docket No. 6 at 9).

Respondents filed an Answer (Docket No. 18), petitioner filed a Traverse (Docket No. 19), and upon order of this court (Docket No. 20),[1] respondents filed a Supplemental Answer (Docket No. 24).

Petitioner then filed a "Motion to Amend Motion in Transverse" (Docket No. 25), apparently in response to the respondents' supplemental answer. In Minute Order entered on February 4, 2009, Judge Blackburn granted the motion and directed that "the amendment stated in the motion are accepted as amendments to the applicant's traverse." (Docket No. 27). Petitioner states in that motion that he wishes to amend his original Traverse and

> now wishes to amend claim one, to read on the original application, due process violation.
>
> Supporting facts: Pursuant to 18-13-401(6) the mere existence of prior convictions or a criminal history" is not an extraordinarily aggravating circumstance.
>
> Claim Three: <u>Due Process Violation</u>
>
> Supporting facts: The Court of Appeals erroneously concluded that Blakely v. Washington, 542 U.S. 296 (2004), did not apply to Mr. Herron's case.

(Docket No. 25 at 1-2).

---

[1] In their original Answer (Docket No. 18 at 3), respondents incorrectly stated that the CCA upheld the petitioner's conviction, rejecting petitioner's claims. They failed to note that the CCA affirmed in part, reversed in part, and remanded the case with directions, and they did not advise the court of any state court proceedings that occurred following remand. Based upon the omissions in the Answer, this court found that additional briefing was necessary and directed respondents to supplement their Answer. Such supplement was to advise the court of any and all state court proceedings that followed the CCA's remand on February 15, 2007, and the effect, if any, the remand and any subsequent state court proceedings had on respondents' argument that petitioner procedurally defaulted his first claim for relief. Petitioner was also given a deadline to file any response to such supplement. (Docket No. 20).

5

The court has carefully considered these submissions and the petition, has taken judicial notice of the court's file, and has considered applicable Federal Rules of Civil Procedure, statutes, and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation that the petition be denied and dismissed.

**Claim One**

In his first claim for habeas relief, petitioner asserts that his Fifth and Fourteenth Amendment rights were violated because the trial court erroneously denied his request for reconsideration pursuant to his 35(b) motion when it misinterpreted the plea agreement of the parties and misapplied §18-1-409, C.R.S. In his "Motion to Amend Motion in Transverse" (Docket No. 25), petitioner states that he wants to amend this claim to raise a due process violation, more specifically, he asserts that pursuant to § 18-13-401(6), C.R.S., the mere existence of prior convictions or a criminal history is not an extraordinarily aggravating circumstance.

In its February 15, 2007, Order, the CCA found the following with respect to Claim One in the instant petition:

> Defendant contends that the district court erred when it denied his Crim P. 35 motions for reconsideration of his sentence. He argues that the district court erred when it held that it could not change defendant's sentence because it was precluded from doing so under § 18-1-409, C.R.S. 2006.
>
> It is unclear from the district court's order whether it relied upon § 18-1-409 in determining not to change defendant's sentence, or whether it instead considered the merits of defendant's motion. To the extent that the court relied upon that statute and failed to consider the merits, its ruling was erroneous. We therefore reverse that aspect of the district court's ruling and remand for further proceedings.

6

Section 18-1-409(1), C.R.S. 2006, states, in relevant part:

> When sentence is imposed upon any person following a conviction of any felony . . . the person convicted shall have the right to one appellate review of the propriety of the sentence . . . except that, if the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the propriety of the sentence.

When reviewing a statute, we first consider the statutory language and give words their plain and ordinary meaning. Town of Telluride v. Lot Thirty-Four Venture, L.L.C., 3 P.3d 30, 35 (Colo. 2000). As long as the meaning is unambiguous, courts need not rely on interpretive rules of statutory construction. Town of Telluride, supra.

Section 18-1-409(1) precludes a defendant from seeking appellate review of a sentence imposed within the range agreed upon by the parties pursuant to a plea agreement. By using the words "appellate review" in the context of felony convictions and sentencing, the statute clearly applies only to review by those courts with jurisdiction to review the decisions of trial courts. See Black's Law Dictionary 378 (8th ed. 2004) ("appellate court" is a court with jurisdiction to review decisions of lower court).

District courts are empowered to reconsider a defendant's sentence under Crim P. 35(b), even if imposed as part of a plea agreement. See People v. Marchese, 37 Colo. App. 65, 66, 541 P.2d 1264, 1266 (1975) (a trial court retains jurisdiction under Crim P. 35 to reconsider the sentence it previously imposed); see also People v. Busch, 835 P.2d 582, 582-83 (Colo. App. 1992) (Crim. P. 35(b) motion filed seeking reconsideration of sentence imposed as part of a plea agreement). Reading the statute and Crim. P. 35 together, we find it illogical to conclude that Crim P. 35 grants district courts the power to reconsider a defendant's sentence, while § 18-1-409 simultaneously takes that power away. See People in Interest of M.L.M., 104 P.3d 324, 325 (Colo. App. 2004) (when statutes potentially conflict, courts should adopt a construction that will harmonize the different provisions). Therefore, we conclude that § 18-1-409 does not apply to review by district courts.

However, the People argue that even if the court erred when it interpreted § 18-1-409, it also considered defendant's motion on the merits. We are not persuaded.

The People rely on the following paragraph from the court's order to

support their argument:

> The Court has reviewed the offense committed by the
> Defendant, the circumstances of the Defendant as presented
> at the sentencing hearing, the sentence imposed by the
> Court, and the matters contained in the motion and
> accompanying letter of the Defendant. Further, the Court
> has taken judicial notice of the Court's file.
>
> The language of this paragraph implies that the court reviewed the
> defendant's motion on its merits. However, the court's stated conclusion
> that "[t]he Court cannot and will not change [the] stipulated sentence" does
> not clearly indicate whether the court denied defendant's motion on its
> merits, or instead denied it because of a mistaken belief that § 18-1-409
> deprived it of jurisdiction to consider the motion.
>
> We therefore remand to the district court for further proceedings on
> the merits of the motion.

(Docket No. 24-2 at 2-6).

Following remand, the state district court issued an order on September 20, 2007, denying petitioner's motion for reconsideration in which the following findings were made:

> A trial court may reconsider, in the interests of justice, a sentence
> previously imposed, taking into consideration all relevant and material
> factors. *See People v. Smith*, 536 P.2d 820, 822 (Colo. 1975).
> Furthermore, reconsideration lies within the discretion of the trial court.
> *See Ghrist v. People*, 897 P.2d 809, 812 (Colo. 1995). The Court, having
> reviewed both Motions, the court file, and applicable law hereby dispenses
> with oral argument and makes the following findings and issues the
> following Order.
>
> THE COURT FINDS that Defendant pled guilty to Count 2, Theft,
> §18-4-401, a Class 4 Felony, and Count 3, Forgery, §12-5-102, a Class 4
> Felony. Defendant was sentenced to 6 years in the Department of
> Corrections to run concurrent with Case 02CR538.
>
> The court has considered Defendant's progress and achievements
> since sentencing, as well as Defendant's circumstances and the nature of
> the crime at the time of sentencing. Review of the file reflects that the
> original sentencing was done after full reflection of all the facts then

known.

The court finds that the original sentence in this case was appropriate.

(Docket No. 24-4 at 1-2).

The following month, petitioner sent a pro se letter to the state district court. In that letter, petitioner stated:

> Sir you denied my reconsideration Sept. 20, 2007 thinking that I had a sentence of 6 years, which you so stated on the order given to me. Sir there are two things wrong in my sentence, the court gave me <u>486 days presentence confinement</u> which D.O.C. still refuses to acknowledge, they say my governing sentence which is the 7 years only has 419 days pre-sentence confinement, so that is all they will give me, unless you send in an amended mittimus showing the showing the [sic] 486 days to apply to both cases: I've done 5 /12 years of this 7 year sentence now, from 2002, to present. My time is off by 67 days, and I now respectfully ask that you make D.O.C. give me the 486 days that I spent in jail - "<u>please:</u>" The court awarded me that time and D.O.C. should have to respect the court decision, and not be able to say the 486 days don't matter, only the 419: Enclosed is a copy of my time computation so you can see that I'm actually doing a 7 year sentence and not a 6: The sentence is illegal Judge Raffert [sic] and I've done all of it: . . . Please sir make D.O.C. give me my 486 days, and look further into my case . . . .

(Docket No. 24-5 at 2). Subsequently, in January 2008, petitioner filed a pro se Petition for Writ of Habeas Corpus and Rule 35(c) motion for post-conviction relief in the state district court in which he sates:

> A. First of all the cap 8 sentence range, was an illegal sentence range, because 8 years is two years beyond the maximum sentencing guidelines without aggravation the sentence should have been capped at 6 years: Thus constitutional rights were violated right there:
> B. Rule 11 providency advisement was deficient, because it did not specify the points, where the stipulated sentence would be different, from a guilty plead found by a jury, pursuant to a mandatory parole period: I was led to believe the cap 8 sentence meant the parole would be placed inside of the sentence meaning that from my understanding, it could be no more than 5 years D.O.C., 3 years parole.
> C. My attorney Mr. McDermott was in-effective at the time of sentencing, because he should have known the sentence was illegal, and advised me

> to withdraw my plea when the judge sentenced me to 7 years, and also
> during plea bargaining. He should have . . . (cut off).
> . . .
> E. There were no aggravating factors, or extraordinary aggravating
> factors to sentence me beyond the presumptive range. . . .
> F. Any material element of a plea agreement is illegal that plea is void
> and must be vacated. . . .

(Docket No. 24-8 at 3-4).

The state district court found the following in its order on the habeas petition and

35(c) motion:

> THE COURT FINDS that Defendant plead guilty to Count 2, Theft,
> §18-4-401, a Class 4 Felony, and Count 3, Forgery, § 12-5-102, a Class 4
> Felony. Defendant was sentenced to 7 years in the Department of
> Corrections ["DOC"] on Count 2 and 3 years on Count 3, to run concurrent
> to each other and to Case 02CR538. Defendant was subsequently
> awarded 486 days presentence confinement on this case, which was
> reflected on his amended mittimus.
> . . .
>
> As grounds for his Petition, Defendant first asserts that his
> sentence was illegal because it exceeds the maximum sentencing
> guidelines. Defendant previously asserted this claim in his direct appeal of
> the trial court's denial of his C.R.Crim.P. 35(b) motion, and the Court of
> Appeals held that *Blakely v. Washington*, 542 U.S. 296 (2004) was not
> retroactive, and therefore, did not apply to Defendant's conviction and
> sentence. The court further disagreed with Defendant's argument that his
> prior convictions were not extraordinary aggravating circumstances, and
> that the sentence relied on aggravating factors not found by a jury.
> Defendant asserted the same claim of illegal sentence in his letter to the
> trial court filed on December 12, 2007. The court addressed Defendant's
> claim and ruled that Defendant's sentence was not illegal. The court is not
> required to entertain successive motions for similar postconviction relief on
> behalf of the same prisoner. *Graham v. Zavaras*, 877 P.2d 363, 363
> (Colo. 1994). Therefore, the court finds that Defendant's claim of illegal
> sentence has previously been considered by this court and the Court of
> Appeals, and is therefore denied.
>
> Defendant next asserts that the Rule 11 providency advisement
> was deficient because it did not specify that the mandatory period of
> parole could exceed the agreed-upon range of sentencing within the plea
> agreement. Defendant signed a Request to Plead Guilty (Rule 11 Advisement) on January 9, 2

>"I know that if I am pleading guilty to more than one offense, the Court will impose separate sentences and/or fines for each offense and may require them to be served consecutively or concurrently."

Paragraph 10 of the Rule 11 Advisement indicates the offenses to which Defendant requested to plead guilty and the possible sentences imposed. For the theft charge, the maximum sentence indicated was 12 years, with a presumptive range of 2-6 years, and it stated "if Dept. of Corrections sentence imposed, additional mandatory parole period: 3 yrs." For the forgery charge, the maximum sentence indicated was 6 years, with a presumptive range of 1-3 years, and it stated, "if Dept. of Corrections sentence imposed, additional mandatory parole period: 2 yrs." Defendant initialed paragraph 10, and signed the bottom of the document underneath a statement certifying: "I have read and understand all of this form and all of it is true and correct." According to the plea agreement, which Defendant also signed on January 9, 2004, the sentence agreement was to DOC for a cap of 8 years, to run concurrent with 02cr538. The court finds that the Rule 11 Advisement was not deficient; that it did specify the possible fines and sentences for each of the charges that Defendant plead guilty; that it did specify an additional mandatory period of parole for each charge; and that the maximum sentences and periods of parole indicated on the Rule 11 Advisement are consistent with the plea agreement and the sentence the court imposed.

Under *People v. Munoz*, 9 P.3d 1201, 1203 (Colo. App. 2000), the court of appeals found harmless error when the trial court failed to advise the defendant that a 3 year mandatory period of parole was a required part of defendant's sentence. In *Munoz*, defendant argued that adding the 3 year period of parole would exceed the agreed-upon 9 year DOC sentence cap in the plea agreement. *Id.* However, the court of appeals rejected defendant's argument and held that because the maximum sentence imposed could have been up to 12 years, and defendants 9 year DOC sentence plus parole did not exceed the maximum, defendant had been advised of the sentence he "risked receiving." *Id.* Regardless, the Rule 11 Advisement in this case clearly indicates that Defendant was fully advised of the range of sentencing he faced as well as additional period of parole, so Defendant's second argument is without merit.

Defendant next asserts that he received ineffective assistance of counsel at the time of sentencing because his attorney failed to advise him that the sentence was illegal and failed to advise him to withdraw his guilty plea at the time of sentencing. The court has already found that the sentence is not illegal and that the Rule 11 Advisement sufficiently advised Defendant of the terms of the plea agreement and range of sentencing.

> The court notes that Defendant's attorney, Mr. McDermott, also signed the Rule 11 Advisement and plea agreement on January 9, 2004. Under the *Strickland* test, Defendant has failed to affirmatively prove that Mr. McDermott's performance fell below the standard of professional reasonableness. . . . Therefore, the court need not consider the prejudice prong of the *Strickland* test. . . . Thus, Defendant's claim of ineffective assistance of counsel is without merit.
>
> Accordingly, based on the conclusions above, Defendant's Petition for Postconviction Relief Pursuant to Crim.P. 35(c) is **DENIED**.
>
> Finally, Defendant has filed a Motion for Writ of Habeas Corpus simultaneously with his Petition for Post-Conviction Relief. . . . While Defendant has alleged his sentence is illegal, Defendant has failed to commence a habeas corpus proceeding in accordance with the Habeas Corpus Act. Therefore, Defendant's Motion for Writ of Habeas Corpus is **DENIED**.

(Docket No. 24-9).

In response to petitioner's first claim, respondents assert that the CCA granted petitioner's request for relief by ordering the trial court to reconsider petitioner's motion for sentence reconsideration on the merits. Therefore, respondents contend that the petitioner has already obtained relief for this claim under state law. Furthermore, respondents assert that to the extent that petitioner attempts to raise additional complaints regarding the trial court's second denial of his motion for sentence reconsideration, petitioner has failed to exhaust such claims by failing to appeal the trial court's September 20, 2007, order. Therefore, it is asserted that to the extent that the petitioner did not already receive relief as to the first claim in the instant petition, that claim is unexhausted. In addition, respondents assert that the first claim would also be procedurally barred because the petitioner did not directly appeal the trial court's second order denying his post-conviction motion within forty-five days pursuant to Colorado Appellate Rule 4(b), and the claim would be procedurally barred under

12

Colorado Rule of Criminal Procedure 35(c)(VI) because the claim was raised and resolved in a prior appeal.  Respondents further assert that the petitioner has failed to demonstrate cause for and prejudice from the default and has not supported any claim of actual innocence with new reliable evidence that was not presented at trial.  Accordingly, they assert that the first claim is procedurally barred.

In addition, respondents contend that a review of petitioner's first claim is precluded because the claim was not presented as a federal constitutional claim.  They assert that the claim involves a state court's application of state law, namely, the trial court's compliance with the rule of criminal procedure providing for discretionary review of a sentence within 120 days of the imposition of the sentence.

Finally, respondents assert that even if the petitioner had stated a constitutional claim, it would fail on the merits.  They argue that federal courts must afford wide discretion to the state court's sentencing decision, and challenges to the state trial court's exercise of its sentencing discretion are generally not constitutionally cognizable, unless the petitioner can show that the sentence is outside the statutory limits or unauthorized by law.  Once the federal court determines that the sentence is within the limitation set by statute, review of the sentence ends unless the habeas petitioner can establish that the sentencing decision was wholly void of discretion.

This court agrees with respondents that the petitioner has not exhausted his first claim for habeas relief.  Under 28 U.S.C. § 2254(b)(1)(A), federal courts may not grant an application for a writ of habeas corpus unless the state prisoner has "'give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'"  O'Sullivan v.

Boerckel, 526 U.S. 838, 845 (1999).  Here, respondents correctly assert that to the extent that the petitioner attempts to raise additional complaints regarding the trial court's second denial of his motion for sentence reconsideration, petitioner failed to exhaust such claims by not appealing the trial court's September 20, 2007, order. Therefore, to the extent that the petitioner did not already receive relief as to the first claim by virtue of the CCA's remand, his first claim is unexhausted.

The court further finds that the petitioner would be procedurally barred from bringing the claim again in state court.  Any attempt to raise these unexhausted claims in state court in yet another post-conviction motion would be rejected as successive. See Colo. R. Crim. P. 35(c)(3)(VI) and (VII) (with exceptions not applicable here, state post-conviction court shall deny any claim that was raised and resolved in a prior appeal or post-conviction proceedings on behalf of the same defendant or which could have been presented in a previous appeal or post-conviction proceeding); People v. Hubbard, 184 Colo. 243 (1974) (successive application rule).  In situations like this, federal courts apply an anticipatory bar.  Anderson v. Sirmons, 476 F.3d 1131, 1140 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.").  "Under an anticipatory bar, this Court is procedurally barred from considering the Petitioner's claims, unless he can demonstrate 'cause and prejudice' for the default, or demonstrate that a fundamental miscarriage of justice would result."  Navarro v. Leyba, 2007 WL 2908832, *7 (D. Colo. Oct. 4, 2007).  (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).  "To demonstrate cause and actual prejudice, Petitioner must show that efforts to raise the

14

claims at earlier stages were impeded by 'some objective factor,' such as a factual or legal basis for a claim that was not reasonably available during prior proceedings. . . . This objective standard considers not what a particular attorney or *pro se* Petitioner actually knew, but whether the claim was 'reasonably available' upon diligent inquiry." Id. (quoting McCleskey v. Zant, 499 U.S. 467, 493-94, 496 (1991)). "To demonstrate a fundamental miscarriage of justice, Petitioner must demonstrate that a constitutional error has probably resulted in the conviction of one who is actually innocent." Id. at *8 (citing Bousley v. United States, 523 U.S. 614, 623 (1998)). No such showings have been made here. Therefore, it is recommended that the petitioner's first claim for relief be denied.

**Claim Two**

In his second claim for relief, petitioner asserts that his Fifth and Fourteenth Amendment rights were violated when the trial court imposed a sentence in excess of the presumptive range for the class 4 felony theft charge to which petitioner had pled guilty. Petitioner also tries to raise a third claim in his "Motion to Amend Motion in Transverse" (Docket No. 25), namely, a due process violation based upon petitioner's contention that the CCA "erroneously concluded that Blakely v. Washington, 542 U.S. 296 (2004), did not apply to [his] case." (Docket No. 25 at 1-2).

The CCA found the following with respect to these claims:

> Defendant also contends that the district court violated Blakely v. Washington, 542 U.S. 296 . . . (2004), and Apprendi v. New Jersey, 530 U.S. 466 . . ., when it sentenced him in the aggravated range because (1) his prior convictions are not extraordinary aggravating circumstances; and (2) the sentence relief on aggravating factors that were not found by a jury. We disagree.

15

A

We first reject defendant's contention that Blakely applies to his conviction.

Here, defendant's sentence was entered on March 19, 2004. Because he did not file a direct appeal, his conviction became final on that date. . . . Blakely was announced on June 24, 2004. In People v. Johnson, 142 P.3d 722 (Colo. 2006), the Colorado Supreme Court concluded that defendants whose cases were final at the time Blakely was announced may not assert Blakely challenges to their convictions. Therefore, defendant is not entitled to the benefit of the rule announced in Blakely.

B

Defendant also argues that his sentence violates Apprendi. However, he presents no argument specifically addressing this issue in his briefs. Accordingly, we decline to address this argument. See C.A.R. 28; Mitchell v. Ryder, 20 P.3d 1229, 1234 (Colo. App. 2000), rev'd on other grounds, 54 P.3d 885 (Colo. 2002).

(Docket No. 24-2 at 6-7).

Petitioner subsequently raised this issue again before the state district court, which found that the claim of illegal sentence was previously considered by the court and the CCA. The claim was thus denied because the court is not required to entertain successive motions for similar post-conviction relief on behalf of the same prisoner. (Docket No. 24-9 at 2-3).

Here, citing United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005)("Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely, June 24, 2004."), respondents first correctly contend that Blakely is not retroactive to convictions that became final before Blakely was announced, such as the petitioner's conviction. Therefore, Blakely does not apply to the petitioner's sentence. See Lucero v. Ortiz, 2007 WL 3024454 (D. Colo. Oct. 16, 2007).

With regard to petitioner's <u>Apprendi</u> claim, respondents correctly note that the CCA denied the claim on the ground that petitioner failed to present an argument specifically addressing this claim. This court finds that this claim was defaulted in state court on an independent and adequate state procedural ground. "Generally speaking, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." <u>Cummings v. Sirmons</u>, 506 F.3d 1211, 1224 (10th Cir. 2007) (quotation omitted). <u>See</u>  <u>See</u> <u>Hickman v. Spears</u>, 160 F.3d 1269, 1271 (10th Cir. 1998) ("A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision. . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims.") (quotations omitted). As stated above, for this court to review the merits of these claims that have been procedurally defaulted in state court, petitioner must show either (1) both cause for the default and prejudice therefrom or (2) a fundamental miscarriage of justice such as a colorable showing of factual innocence. This court agrees with respondents that petitioner has not even alleged, much less shown, cause for or prejudice from this default, nor has he demonstrated that enforcing the procedural default will cause a fundamental miscarriage of justice, which occurs only when it appears that an error probably resulted in the conviction of an innocent person. Therefore, habeas relief should not be granted based on Claim Two.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Application for a Writ of Habeas Corpus Pursuant to

17

28 U.S.C. § 2241 (Docket No. 2) be **DENIED** and this action be **DISMISSED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: April 7, 2009                           s/ Michael J. Watanabe
      Denver, Colorado                        Michael J. Watanabe
                                              United States Magistrate Judge